# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Michael Christopher Carlos** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:09CR02806-002JB**<br>USM Number: **69209-061**<br>Defense Attorney: **Benjamin Wilson, Appointed** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **Information**
☐  pleaded nolo contendere to count(s)  which was accepted by the court.
☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 4 | Misprision of a Felony | 09/02/2009 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☒  Count **Indictment** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**April 3, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**April 19, 2012**
Date Signed

Defendant: **Michael Christopher Carlos**
Case Number: **1:09CR02806-002JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **58 days or time served, whichever is less** .

The Court incorporates by reference its Memorandum Opinion and Order, filed April 9, 2012 (Doc. 164)("MOO"). Defendant Michael Christopher Carlos, pursuant to a Plea Agreement, filed November 29, 2011 (Doc. 152), pled guilty to the Information, filed November 29, 2011 (Doc. 149), charging him with misprison of a felony in violation of 18 U.S.C. § 4, because he had knowledge of the commission of a felony of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The parties agree to a 2-level reduction on Carlos` offense level, pursuant to U.S.S.G. § 3B1.2, based on Carlos` minor role in the underlying criminal activity. See Plea Agreement ¶ 9, at 4. The parties, "[a]part from the stipulations set forth in" the Plea Agreement, "reserve their rights to assert any position or argument with respect to the sentence to be imposed." Plea Agreement ¶ 9, at 6. The parties agree to a 3-level reduction on Carlos` offense level "so long as the Defendant continues to accept responsibility for the Defendant`s criminal conduct." Plea Agreement ¶ 9, at 5. Carlos waives his right to appeal any sentence "within or below the applicable advisory guideline range as determined by the Court." Plea Agreement ¶ 12, at 7.

The United States Probation Office ("USPO") disclosed a Presentence Report ("PSR") for Carlos on January 25, 2012. In the Re-Disclosed Presentence Report, disclosed April 3, 2012 ("Re-Disclosed PSR"), the USPO calculates Carlos` total offense level to be 16. Re-Disclosed PSR ¶ 27, at 8. The Re-Disclosed PSR applies a base offense level of 19 pursuant to U.S.S.G. § 2X4.1, because "the defendant conspired to possess with intent to distribute 9.986 net kilograms of cocaine," which would yield a base offense of 32 for the felony, and because the highest allowed base offense level under U.S.S.G. § 2X4.1 is 19. Re-Disclosed PSR ¶ 21, at 7. The Re-Disclosed PSR does not apply the parties` stipulated 2-level reduction under U.S.S.G. § 3B1.2 for a minor role adjustment. See Re-Disclosed PSR ¶ 23, at 8. The Re-Disclosed PSR notes that application note 2 to U.S.S.G. § 2X4.1 provides that a mitigating role adjustment would not normally apply for misprison of felony offenses. See Re-Disclosed PSR ¶ 23, at 8. The Re-Disclosed PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Carlos` acceptance of responsibility. See Re-Disclosed PSR ¶ 26, at 8. The Re-Disclosed PSR lists his criminal history category as III, based on 4 criminal history points. See Re-Disclosed PSR ¶ 31, at 10. The Re-Disclosed PSR calculates that an offense level of 16 and a criminal history category of III results in a guideline imprisonment range of 27 to 33 months. See Re-Disclosed PSR ¶ 56, at 15.

On February 23, 2012, the USPO issued an Addendum to the Presentence Report that reduced the amount of cocaine attributable to Carlos to 4.933 net kilograms as opposed to 9.986 net kilograms. See Addendum to PSR at 1. The USPO relies on "additional information . . . received from defense counsel advising the United States was in agreement with a stipulation to the plea agreement which indicates the defendant is only responsible for 4.933 net kilograms of cocaine." Addendum to PSR at 1. The change does not, however, affect the base offense level of 19 attributed to Carlos. See Addendum to PSR at 1. On March 29, 2012, the USPO disclosed a Second Addendum to the Presentence Report to respond to the Carlos` objection regarding the minor role adjustment and his objection that his criminal history category substantially over-represents his criminal history. See Second Addendum to PSR at 1-2. The USPO asserts that the base offense level for misprison of felony already takes into account a mitigating role adjustment. See Second Addendum to PSR at 1. The USPO represents that a departure based on substantial over-representation of criminal history is not appropriate given that Carlos did not comply with the state court`s requirements and has his probation revoked. See Second Addendum to PSR at 2. On April 3, 2012, the USPO filed a Re-Disclosed PSR to add a section regarding imposing conditions of supervised release. There being no disputes about the Re-Disclosed PSR`s factual findings, the Court will adopt them as its own.

Carlos asks the Court for a sentence of time served or a sentence of probation. Plaintiff United States of America requested a sentence within the advisory guideline range in its response to Carlos` objections to the PSR, but said that it would commit Carlos` sentence to the discretion of the Court at the sentencing hearing held on April 3, 2012. At the sentencing hearing, the parties agreed to the Court reducing Carlos` offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court also sustained Carlos` objection that a criminal history category of III substantially over-represented his criminal history. See MOO at 1. The Court departed downward to a criminal history category of II. See MOO at 1. After applying the downward departure to Carlos` criminal history category, he has an offense level of 16 and a criminal history category of II. An offense level of 16 and a criminal history category of II yields a guideline imprisonment range of 24 to 30 months. Other than the amount of drugs attributable to Carlos and the downward departure on Carlos` criminal history category, the Court will adopt the guideline calculation in the Re-Disclosed PSR as its own.

**The Court notes that Carlos had knowledge of the commission of a felony, specifically possession with intent to distribute cocaine. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Carlos` offense. The Court agrees with Carlos that a sentence of 58 days or time served, whichever is less, is sufficient to reflect the seriousness of this offense. There are approximately ten factors in this case that counsel in favor of a downward variance: (i) Carlos appears to be a loving father who maintains contact with his children; (ii) he does not have a history of violence, or drug or alcohol abuse; (iii) Carlos` father appears to have had little involvement in his life; (iv) Carlos spent time in the United States Navy; (v) he has significant eye and health problems that are so severe he will be less likely to commit additional offenses in the future; (vi) the dismissal of the charges against co-Defendant Ronn Nathaniel Hunter based on the suppression of the evidence against Hunter creates some unwarranted sentencing disparities among similarly situated defendants, see Memorandum Opinion and Order Granting in Part Defendant`s Motion to Suppress, filed July 1, 2010 (Doc. 94); Memorandum Opinion and Order on Evidence to Be Suppressed, filed August 11, 2010 (Doc. 101); Order Dismissing Indictment Without Prejudice, filed November 30, 2010 (Doc. 111); (vii) the overall minor role Carlos played in the underlying criminal activity; (viii) Carlos has worked with federal officials by self-surrendering and otherwise behaving well; (ix) he has performed well on supervised release; and (x) he lives with his mother and has been good to her. Two factors that counsel against a variance are his lack of employment history and that he has had problems supporting his children, although some of these problems tie into his trouble with his eyes. Ultimately, in light of those factors, the Court believes that a variance that is the equivalent of 8 offense levels is appropriate. An offense level of 8 and a criminal history category of II yields a guideline imprisonment range of 4 to 10 months. Rather than impose additional incarceration, which seems to be unnecessary and to be more punishment than is necessary, the Court believes that home detention and electronic monitoring for a period of 4 months is a more appropriate substitute that will approximate the intent of the guidelines` recommendation of incarceration. Carlos confirmed that his mother, with whom he lives, has a land-line telephone that would permit electronic monitoring.**

**The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 58 days or time served, whichever is less, is appropriate to reflect Carlos` criminal history and the seriousness of Carlos` crime. Other conditions that the Court will require as part of supervised release will also provide Carlos with some needed education, training, and care to prevent these problems from reoccurring. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). Given that Hunter was the more culpable individual in the underlying criminal conduct, and the he served no time, the Court believes that this sentence adequately reflects the seriousness of the offense and promotes respect for the law. Additionally, given the variety of mitigating circumstances in Carlos` case, the Court believes that the sentence provides just punishment. Given that Carlos is receiving a felony conviction that will stay with him the rest of his life, the Court believes that the sentence provides adequate deterrence both generally to the public and specifically to Carlos. Carlos is now approximately thirty-seven years old, and his rate of recidivism is likely lower than younger defendants. Thus, the Court believes that the sentence adequately protects the public in light of the seriousness of the offense. Furthermore, given that the charges against Hunter were dismissed, the Court believes that the sentence avoids unwarranted sentencing disparities among similarly situated defendants. Imposing additional incarceration will not more fully reflect the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Carlos to 58 days or time served, whichever is less. The Court will require Carlos to submit to home detention and electronic monitoring for a period of 4 months.**

☐    The court makes the following recommendations to the Bureau of Prisons:


☐    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:
      ☐    at  on
      ☐    as notified by the United States Marshal.
☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on
☐ as notified by the United States Marshal
☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Michael Christopher Carlos**
Case Number: **1:09CR02806-002JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Michael Christopher Carlos**
Case Number: **1:09CR02806-002JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete location monitoring for a period of 4 months in the location monitoring program with the Radio Frequency (RF) technology under the curfew component. The defendant may be required to pay a portion or all costs of such program.**

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, as approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal substances and other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

Defendant: **Michael Christopher Carlos**
Case Number: **1:09CR02806-002JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐   The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.